42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anita Fay PAYNE, Defendant-Appellant.
 No. 94-5998.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1994.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Anita Fay Payne appeals a district court judgment that revoked her probation and sentenced her to a six-month term of incarceration. 18 U.S.C. Sec. 3565(a)(2). Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The appellant has waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Payne pleaded guilty to one count of mail fraud, a violation of 18 U.S.C. Sec. 1341. On October 16, 1992, the district court placed Payne on probation for three years as a result of this conviction. She was also ordered to spend the first two months of her probation in a halfway house and to pay $4,500 in restitution. The court subsequently reduced the amount of restitution to $1,650.
 
 
 3
 On September 14, 1993, a warrant for Payne's arrest was issued at the request of her probation officer. He charged Payne with violating the terms of her probation by failing to report, by lying to him and by failing to follow his instructions. After conducting a final revocation hearing, the district court found that Payne had violated the terms of her probation and sentenced her to a six-month term of incarceration on July 12, 1994. It is from this judgment that Payne now appeals. Although she is now represented by appointed counsel, Payne has moved for new counsel on appeal.
 
 
 4
 Payne filed a motion for expedited review of her appeal on September 30, 1994. Consequently, the merits of Payne's appeal are being considered without the benefit of the appellee's brief, so that a decision may be rendered before she is released.
 
 
 5
 The district court's decision to revoke Payne's probation and to impose a term of incarceration is reviewed for a clear abuse of discretion on appeal. See United States v. Williams, 15 F.3d 1356, 1364 (6th Cir.1994). The court did not abuse its discretion here because it complied with the requirements of 18 U.S.C. Sec. 3565 and Fed.R.Crim.P. 32.1. Moreover, the six-month sentence that Payne received was authorized upon revocation, because a five-year term of incarceration could have been imposed initially for her violation of 18 U.S.C. Sec. 1341.
 
 
 6
 Payne now argues that her alleged misconduct was irrelevant if it occurred before August 2, 1993. She also argues that the court should not consider misrepresentations that she allegedly made to persons who were not probation officers. However, these arguments are unavailing because that the district court relied primarily on Payne's undisputed failure to abide by the terms of her last travel permit when it revoked her probation. Cf. United States v. Guardino, 972 F.2d 682, 689 (6th Cir.1992). The court cited Payne's failure to return to Memphis by August 9, 1993, as specifically required by this permit. Payne argues that she could not return because she was undergoing outpatient psychiatric treatment in Boston. However, the record indicates that Payne was able to return to Memphis, as she was actively employed while this treatment was ongoing. We also note that Payne violated a separate prohibition of her travel permit by obtaining employment while she was in Boston.
 
 
 7
 Accordingly, Payne's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.